UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TODD M. HONEYCUTT,<br><br>   Plaintiff,<br><br>vs.<br><br>CONNIE BISBEE et al.,<br><br>   Defendants. | 3:16-cv-00256-RCJ-WGC<br><br>**ORDER** |

This is a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. The Court now screens the Complaint under 28 U.S.C. § 1915A.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff Todd Honeycutt is a prisoner in the custody of the Nevada Department of Corrections. He alleges that the members of the Nevada Parole Board ("the Board") have violated his due process rights by considering the wrong report at his parole hearing and failing to hold a new hearing with a corrected report in accordance with state regulations, and that they violated his equal protection rights by treating him (a sex offender) differently from non-sex offenders under an unofficial policy.

## II.   LEGAL STANDARDS

District courts must screen cases in which a prisoner seeks redress from a governmental entity or its officers or employees. 28 U.S.C. § 1915A(a). A court must identify any cognizable

claims and must dismiss claims that are frivolous, malicious, insufficiently pled, or directed against immune defendants. *See id.* § 1915A(b)(1)–(2).  Pleading standards are governed by Rule 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  When a court dismisses a complaint upon screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.   ANALYSIS

Parole board members "are entitled to absolute quasi-judicial immunity for decisions to grant, deny, or revoke parole because these tasks are functionally comparable to tasks performed by judges." *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (internal quotation marks omitted).  Section 1983 claims based on parole determinations are categorically barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) unless and until the determination is overturned via writ of habeas corpus. *Butterfield v. Bail*, 120 F.3d 1023, 1024–25 (9th Cir. 1997) (citing *Elliott v. United States*, 572 F.2d 238, 239 (9th Cir. 1978)).  If the only thing a plaintiff seeks, however, is a hearing free from constitutional infirmity, and not a favorable decision, i.e., not any relief that will necessarily affect the length of his confinement, he may (indeed must) bring the claim under § 1983 as opposed to habeas corpus. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

Even so limiting Plaintiff's claims here, the Court must dismiss them.  As for the due process claim, there is no cognizable liberty interest in parole in Nevada, so no process is constitutionally due. *Moor v. Palmer*, 603 F.3d 658, 662 (9th Cir. 2010) (citing *Severance v. Armstrong*, 620 P.2d 369, 370 (Nev. 1980)).  As for the equal protection claim, there is no fundamental right at stake, *see id.*, and the distinction the state has allegedly drawn (sex offenders versus non-sex offenders) does not implicate any suspect or quasi-suspect category of

persons, so rational basis review applies.  Under rational basis review, a court does not judge the perceived wisdom or fairness of a law, nor does it examine the actual rationale for the law when adopted; it asks only whether "there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Heller v. Doe*, 509 U.S. 312, 319–20 (1993) (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)).  The Court agrees with other courts that have found a rational basis for treating sex offenders differently from non-sex offenders in the parole context due to concerns of community safety and recidivism. *See, e.g.*, *Gale v. Moore*, 763 F.2d 341, 343–44 (8th Cir. 1985); *Juarez v. Renico*, 149 F. Supp. 2d 319, 325 (N.D. Mich. 2001).  The Court of Appeals has noted that in some contexts there is a rational basis for a state to distinguish not only between sex offenders and non-sex offenders, but even between very fine gradations of sex offenders such as those guilty of oral copulation versus sexual intercourse with minors. *Jones v. Solis*, 121 Fed. Appx. 228, 229–230 & n.2 (9th Cir. Feb. 2, 2005).

Because amendment of either claim would be futile, the Court will not give leave to amend.  There is no set of facts that will give Plaintiff a liberty interest in parole in Nevada, and there is no set of facts that will negate the rational basis Defendants have to treat sex offenders and non-sex offenders differently for the purposes of parole.

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Clerk shall DETACH and FILE the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Complaint is DISMISSED, without leave to amend.

IT IS FURTHER ORDERED that the Motion for Leave to Proceed in Forma Pauperis (ECF No. 1) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

DATED: This 17th day of February, 2017.

_____
ROBERT C. JONES
United States District Judge